**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN GOLINSKI,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>UNITED STATES OFFICE OF<br>PERSONNEL MANAGEMENT and<br>JOHN BERRY, Director of the United<br>States Office of Personnel<br>Management, in his official capacity,<br>*Defendants*,<br><br>and<br><br>BIPARTISAN LEGAL ADVISORY<br>GROUP OF THE U.S. HOUSE OF<br>REPRESENTATIVES,<br>*Intervenor-Defendant-Appellant*. | No. 12-15388<br><br>D.C. No.<br>3:10-cv-00257-<br>JSW |

| | |
|---|---|
| KAREN GOLINSKI,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>UNITED STATES OFFICE OF<br>PERSONNEL MANAGEMENT and<br>JOHN BERRY, Director of the United | No. 12-15409<br><br>D.C. No.<br>3:10-cv-00257-<br>JSW<br><br>ORDER |

States Office of Personnel
Management, in his official capacity,
                    *Defendants-Appellants*,

and

BIPARTISAN LEGAL ADVISORY
GROUP OF THE U.S. HOUSE OF
REPRESENTATIVES,
                    *Intervenor-Defendant*.

Filed July 23, 2013
Corrected July 25, 2013

Before: Arthur L. Alarcón, Sidney R. Thomas,
and Marsha S. Berzon, Circuit Judges.

## SUMMARY[*]

### Defense of Marriage Act

The panel dismissed consolidated appeals from the district court's summary judgment holding that § 3 of the Defense of Marriage Act unconstitutionally discriminates against same-sex couples and from the district court's permanent injunction against the United States Office of Personnel Management's interference with a federal court

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

employee's enrollment of her wife in her family health benefits plan.

In light of the Supreme Court's decision in *United States v. Windsor*, 133 S. Ct. 2675 (2013) (holding that § 3 of DOMA is unconstitutional), the parties stipulated to dismissal. The panel therefore dismissed these appeals.

---

### ORDER

Karen Golinski, a staff attorney of this Court, is married under California state law to Amy Cunninghis. After their 2008 marriage, Golinski sought to enroll Cunninghis in her family health insurance plan under the Federal Employees Health Benefits program. The enrollment request was denied on the basis that their same-sex marriage could not be federally recognized under § 3 of the Defense of Marriage Act ("DOMA").

Golinski first pursued administrative remedies through the Ninth Circuit's Employment Dispute Resolution Plan ("EDR Plan"), which prohibits discrimination based on sex or sexual orientation. Chief Judge Kozinski, sitting in his administrative capacity, found that Golinski had suffered discrimination under the meaning of the EDR Plan and ordered that her spousal health insurance enrollment be processed. However, the Office of Personnel Management directed Golinski's health insurance carrier otherwise, advising that processing the enrollment would violate DOMA.

Golinski filed suit, contending that § 3 of DOMA, as applied to her, violated the equal protection and due process

components of the Fifth Amendment to the U.S. Constitution. The district court granted Golinski's motion for summary judgment, holding that § 3 of DOMA "unconstitutionally discriminates against same-sex couples" and therefore "violates [Golinski]'s right to equal protection of the law under the Fifth Amendment." The district court issued a permanent injunction "enjoining defendants . . . from interfering with the enrollment of Ms. Golinski's wife in her family health benefits plan."

These consolidated appeals followed. Pursuant to an order issued December 11, 2012, we held the case in abeyance pending the Supreme Court's resolution of *United States v. Windsor*, No. 12-307. On June 26, 2013, the Supreme Court issued its opinion in *Windsor*, holding that § 3 of DOMA "is unconstitutional as a deprivation of liberty of the person protected by the Fifth Amendment of the Constitution." *United States v. Windsor*, — U.S. —, 133 S. Ct. 2675, 2695 (2013).

In light of the Supreme Court's decision in *Windsor*, the parties have jointly stipulated that "dismissal is the appropriate disposition of [these] consolidated appeals."

These consolidated appeals are therefore **DISMISSED**. The copy of this order shall constitute the mandate of this court.